STOWELL *et al.*, appellants, v. GRAVES, executors, etc., *et al.*

*Will — construction of — remainder, when it vests.*

A will contained the following: "It is my will, and I hereby direct that so much of my estate shall be safely invested on interest as will produce an annual income of $600, and that the same be kept so invested by my executors and the interest paid to my said wife, annually or semi-annually, for and during her natural life, in the manner directed in and by the second item of this, my said will, and after the decease of my said wife, Mary Ann, the said principal sum to be equally distributed among my heirs at law." One of the testator's sons, living at testator's death, died before the death of his mother, leaving a widow, his administratrix, but no children. *Held*, that the principal vested in the testator's children at his death, and that, upon the death of the mother, the son's widow was entitled to his share as his representative.

APPEAL from a decree of the surrogate of Otsego county. The necessary facts appear in the opinion.

*Samuel A. Bowen*, for appellants.

*E. M. Harris*, for Graves *et al.*, executors.

*H. Sturges*, for Mrs. Stewart, administratrix.

P. POTTER, J.  This is an appeal from a decree of the surrogate of Otsego county. The only real question in the case arises upon the construction of the seventh and eighth clauses in the will of Chandler Root of Cooperstown, in said county, which is in the following words:

."*Seventh*. It is my will, and I hereby direct that so much and such part of my estate shall be safely invested on interest as will produce an annual income of $600; and that the same be kept so invested by my executors, and the interest paid to my said wife, annually or semi-annually, for and during her natural life, in the manner directed in and by the second item of this my said will, and after the decease of my said wife, Mary Ann, the said principal sum to be equally distributed among my heirs at law."

"*Eighth*. All the rest and residue of my real and personal estate I give, devise and bequeath unto my said five children, share and share alike, to be held, controlled, paid and distributed in the manner and upon the conditions above mentioned, and such distribu-

tion shall not take place until my youngest child living shall have arrived at the age of twenty-five years."

The executors failed to invest the sum required by this seventh clause, but held and controlled the estate in their own hands during the life-time of the testator's wife, and regularly paid her the annuity of $600, directed by the will, during her life. One of the testator's sons, living at the testator's death (Erastus C. Root), married and died in 1865, intestate, leaving his widow, Helen Root, now Helen Stewart, him surviving, who was appointed administratrix of his estate, and is one of the respondents in this case. In the distribution of the estate of Chandler Root, the surrogate treated so much of his estate as was devised in the seventh clause of his will, as a vested estate at the testator's death, and the children of the testator then living, as intended in the words "my heirs at law." In this I think the decree was right, if the estate then vested, the children were then the only parties in whom it did vest, and it vested in them as tenants in common, and the subsequent death of one of the beneficiaries prior to the day of distribution, when the latter day is a day certain to happen on the death of an individual entitled to the precedent estate, does not cause the estate to lapse, but it goes to the heir or representative of the legatee. *Charles Saxton's Estate,* 1 Tucker, 32; *Barker* v. *Wood,* 1 Sandf. Ch. 131, and cases cited. There are some other technical questions raised, but they do not possess sufficient merit to require review. We have, at this term, in another case (*McKinstry* v. *Sanders et al.,* ante, p. 187), disposed of all the questions arising in this case, adversely to the claim of the appellants in this case. I think the surrogate's decree should be affirmed.

*Decree affirmed.*